FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

DEC 15 2009

JAMES N. HATTEN, Clerk
By
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DAQUAN LAMONT STEVENS,<br>Petitioner, | : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : | CIVIL ACTION NO.<br>1:09-CV-3226-TWT |
| CLAYTON COUNTY<br>DETENTION CENTER; STATE<br>OF GEORGIA,<br>Respondents. | : | |

## ORDER AND OPINION

Although the Clerk has docketed the instant action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Plaintiff does not appear to be challenging his conviction or sentence thereunder. Rather, in the instant action – styled as a "Notice of Appeal" – it is apparent that Petitioner seeks merely to challenge the Georgia Supreme Court's ruling affirming the Clayton County Superior Court's dismissal of his "pre-conviction writ of habeas corpus."

Because federal courts are of limited jurisdiction, a federal court must ensure that it has jurisdiction over all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000). To that end, even if no party raises the issue, a district court itself should "raise the question of subject matter jurisdiction

at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). In this case, the Court finds that Plaintiff's challenge to the state court's judgment implicates the Rooker-Feldman doctrine.

Under the Rooker-Feldman a district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision by a state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "Generally speaking, the Rooker-Feldman doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions." Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249 (11th Cir.), cert. denied ___ U.S. ___, 130 S. Ct. 199 (Oct. 5, 2009). See also Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (stating that the Rooker-Feldman doctrine provides that other than the United States Supreme Court,

federal courts have no authority to review the final judgments of state courts). Accordingly, Plaintiff's attempted appeal of the state court's order is subject to dismissal.

**IT IS THEREFORE ORDERED** that the instant action be **DISMISSED** for this Court's lack of jurisdiction.

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Where a district court has denied a petition on procedural grounds, as in this case, a COA should issue when the petitioner shows that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling and that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lamarca v. Secretary, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484; Lamarca, 568 F.3d at 934.

Because this Court does not have jurisdiction over the petition, a reasonable jurist could not conclude either that this Court erred in dismissing the petition for lack of jurisdiction or that Petitioner should be allowed to proceed further. As such, the requirements for a COA have not been met.

**IT IS FURTHER ORDERED** that a COA be **DENIED**.

**IT IS SO ORDERED**, this 15 day of Dec., 2009.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)